Argued February 21, reversed and remanded
May 29, reconsideration denied August 14, petition
for review allowed November 13, 1979, 288 Or 81

VAUGHN, *Appellant,*
*v.*
PACIFIC NORTHWEST BELL
TELEPHONE COMPANY, *Respondent.*
(No. A-78-03-03484, CA 11708)

595 P2d 829

Argued and submitted February 21, 1979.

Robert K. Udziela, Portland, argued the cause for appellant. With him on the briefs was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Jonathan T. Harnish, Portland, argued the cause for respondent. With him on the brief was Bullard, Korshoj & Smith, Portland.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

Plaintiff appeals from an order granting defendant's motion for summary judgment. Her complaint alleged that defendant committed an unlawful employment practice by refusing to reinstate her following her recovery from a compensable job-related injury. She sought reinstatement, back pay, punitive damages and attorney fees. Defendant's answer denied that it committed an unlawful employment practice and raised two factual affirmative defenses. Thereafter, defendant moved for summary judgment on the ground that the circuit court had no jurisdiction to order the relief requested by plaintiff, because federal law provides that the grievance and arbitration procedures set out in the employment contract constitute the exclusive remedy for resolving all employment-related disputes. The circuit court agreed and entered summary judgment for defendant. We reverse and remand for further proceedings.

Plaintiff's complaint is based on the statutory rights set out in ORS ch 659. ORS 659.410 provides:

"It is unlawful employment practice for an employer to discriminate against a workman with respect to hire or tenure or any term or condition of employment because the workman has applied for benefits or invoked or utilized the procedures provided for in ORS 656.001 to 656.794 and 656.802 to 656.824, or of 659.400 to 659.435 or has given testimony under the provisions of such sections."

ORS 659.415 mandates reinstatement of workers who have recovered from compensable injuries:

"A workman who has sustained a compensable injury shall be reinstated by his employer to his former position of employment or employment which is available and suitable upon demand for such reinstatement, provided that the workman is not disabled from performing the duties of such position. A certificate by a duly licensed physician that the physician approves the workman's return to his regular employment shall be prima facie evidence that the workman is able to perform such duties."

[429]

ORS 659.121(1) provides a cause of suit for violations of ORS 659.410 and 659.415:

"Any person claiming to be aggrieved by an unlawful employment practice prohibited by ORS 659.024, 659.026, 659.030, 659.410, 659.415 or subsection (1) of 659.425 may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employes with or without back pay. * * *"

Plaintiff's complaint alleges in pertinent part that she suffered a compensable injury on August 30, 1977, in the course of her employment with defendant, that she presented defendant with a physician's certificate approving her return to her regular employment on February 1, 1978, and that defendant committed an unlawful employment practice by refusing to re-employ her in her regular work or any other suitable job. These allegations state a cause of suit under ORS 659.410, 659.415 and 659.121(1). If the statutes are effective, plaintiff has stated a cause of suit cognizable in circuit court.

Defendant contends that the statutory provisions on which plaintiff relies are void under the Supremacy Clause of the federal constitution,[1] insofar as they purport to grant plaintiff a judicial remedy in this case, because they conflict with federal law requiring persons employed by a business affecting interstate commerce to exhaust grievance and arbitration procedures provided for in the employment contract before seeking a judicial remedy.[2] Defendant's contention is based on section 203(d) of the Labor-Management Relations Act of 1947 (LMRA), 29 USC § 173(d), and a

---

[1] Article VI, United States Constitution.

[2] Here, plaintiff filed a grievance pursuant to the employment contract but initiated this suit before the grievance process had been completed. The record does not reveal the outcome of the grievance process, nor does it include the portion of the employment contract covering the substantive ground of plaintiff's grievance. We infer from the briefs and record that she believed she had a contractual remedy for defendant's allegedly wrongful failure to reinstate her.

[430]

series of United States Supreme Court decisions expressing federal policy to enforce arbitration agreements contained in employment contracts covered by the LMRA. We will set out the authorities cited by defendant and then explain why they do not govern our decision in this case.

Section 203(d) of the LMRA provides in part:

> "Final adjustment by a method agreed upon by the parties is hereby declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective bargaining agreement. * * *"

Applying this section in *United Steelworkers v. American Mfg. Co.*, 363 US 564, 566, 80 S Ct 1343, 4 L Ed 2d 1403 (1960), the Supreme Court stated that the statutory "policy can be effectuated only if the means chosen by the parties for settlement of their differences under a collective bargaining agreement is given full play." In *United Steelworkers v. Warrior & G. Nav. Co.*, 363 US 574, 581-83, 80 S Ct 1347, 4 L Ed 2d 1409 (1960), the Court stated:

> "Apart from matters that the parties specifically exclude, all of the questions on which the parties disagree must therefore come within the scope of the grievance and arbitration provisions of the collective agreement.
>
> "* * * * *
>
> "* * * An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

Where an employe seeks a judicial remedy for a violation of the employment contract without first exhausting grievance procedures, the employer may defend successfully on the ground that the contractual grievance procedures constitute the exclusive remedy for disputes arising under the collective bargaining agreement. *Republic Steel Corp. v. Maddox*, 379 US

650, 652-53, 85 S Ct 614, 13 L Ed 2d 580 (1965); *see also Vaca v. Sipes*, 386 US 171, 184, 87 S Ct 903, 17 L Ed 2d 842 (1967); *Gilstrap v. Mitchell Bros. Truck Lines*, 270 Or 599, 606-11, 529 P2d 370 (1974) (restating general rule requiring exhaustion of grievance procedures and establishing exceptions not applicable to this case). Judicial review of an arbitrator's decision is confined to a determination of whether on its face the claim is governed by the contract; interpretation of the contract itself is for the arbitrator, and courts may not resolve the merits of the grievance. *United Steelworkers v. American Mfg. Co.*, 363 US at 567-68.

These cases establish the general principle that an employe may not circumvent contractual grievance procedures by seeking judicial relief for a breach of the collective bargaining agreement without first exhausting the grievance procedures. However, all the cases applying this rule involve attempts to enforce contractual rights arising from the collective bargaining agreement. The principle does not control the present case, because plaintiff is not seeking a remedy for breach of the employment contract. Rather, she seeks enforcement of her statutory rights under ORS 659.121, 659.410 and 659.415. For the reasons which follow, we conclude that judicial relief for a violation of a right arising from statute is an independent remedy which is not foreclosed by the availability of or resort to a grievance procedure for arbitration of rights arising from the contract.

The terms of section 203(d) of the LMRA, the source of the federal policy favoring grievance and arbitration procedures, limit the policy to "disputes arising over the application or interpretation of an existing collective bargaining agreement." The United States Supreme Court decisions expressing that policy also recognize that limitation:

"* * * an arbitrator is confined to interpretation and application of the collective bargaining agreement; * * *. He may of course look for guidance from

[432]

many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement." *United Steelworkers v. Enterprise Corp.*, 363 US 593, 597, 80 S Ct 1358, 4 L Ed 2d 1424 (1960).

■ More recently, in *Alexander v. Gardner-Denver Company*, 415 US 36, 94 S Ct 1011, 39 L Ed 2d 147 (1974), the Supreme Court held that an employe's right to trial de novo of a discrimination claim under Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e, et seq., is not waived or foreclosed by prior submission of the claim to final arbitration under the nondiscrimination clause of the collective bargaining agreement. *Alexander* does not compel the result in this case because the decision turns in part on the Court's reading of Congressional intent in enacting Title VII, but it clarifies the interrelationship of statutory rights, judicial remedies, and contractual grievance and arbitration procedures. The Court reiterated that the arbitrator's source of authority is the collective bargaining agreement and that he "has no general authority to invoke public laws that conflict with the bargain between the parties." An arbitral decision based on the arbitrator's view of legislation rather than on an interpretation of the employment contract exceeds the scope of the arbitrator's authority and is not judicially enforceable. The statutory right under Title VII is independent of any right accruing under the collective bargaining agreement. 415 US at 53-54.[3]

■ Because plaintiff in this case seeks vindication of statutory rights which would not be an appropriate subject for grievance and arbitration procedures under the collective bargaining agreement, at least where no parallel contract provision is pleaded or proved, we hold that the parties are not bound by the outcome of the grievance procedure which she initiated under

---

[3] The Court also rejected a proposed rule that courts should defer to arbitral decisions based on contractual nondiscrimination provisions analogous to the statutory rights. 415 US at 55-59.

[433]

the contract to complain about the circumstances of defendant's refusal to reinstate her.[4]

We next consider whether the statutory provisions on which plaintiff bases her claim are pre-empted by some other aspect of federal law. Defendant has not asserted any particular ground of pre-emption other than those discussed above, but we consider other possible sources of pre-emption in response to defendant's broad assertion that the Oregon statutes conflict with federal law.

■ The question of pre-emption involves a "balanced inquiry into such factors as the nature of the federal and state interests in regulation and the potential for interference with federal regulation." *Farmer v. Carpenters*, 430 US 290, 300, 97 S Ct 1056, 51 L Ed 2d 338 (1977). The Court has found no pre-emption of state power where the state seeks to regulate an activity which is merely a peripheral concern of the LMRA or "where the regulated conduct touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the states of the power to act." *San Diego Bldg. Trades Council v. Garmon*, 359 US 236, 243-44, 79 S Ct 773, 3 L Ed 2d 775 (1959), quoted in *Farmer*, 430 US at 296-97.

■ This is such a case. Oregon has a substantial interest in protecting the integrity of its workers' compensation system. ORS 659.410 and 659.415, together with the cause of action provided in ORS 659.121(1) for violations of those statutes, protect workers who obtain benefits for compensable job-related injuries from retaliatory action by employers. The legislature may reasonably conclude that the

---

[4] As noted above, the record does not include the portions of the employment contract which specify grounds for dismissal of employes, so we do not know whether the contract provides for a remedy analagous to ORS 659.121(1), 659.410 and 659.415. We are therefore not required to determine whether we would follow the rationale of *Alexander* where there is such a provision.

availability of those benefits without fear of retaliation is important to the operation of the workers' compensation system. The statutes challenged by defendant are a reasonable means of achieving that goal. The statutes do not conflict with any provision of federal law or interfere with any federally-protected activity. They simply afford protection of individual rights which are not a subject of federal regulation. ORS 659.410 and 659.415, as implemented by ORS 659.121(1), are not pre-empted by federal law.

■ Finally, defendant argues that ORS ch 659 does not apply to the facts of this case because it "involves nothing more than an employee who was discharged for allegedly misrepresenting her physical condition and ability to work." It is true that ORS 659.410 and 659.415 do not prohibit an employer from terminating an employe for good cause, but defendant's assertion is a matter of defense. The record at this stage of the proceedings is not sufficient to resolve the factual question about the cause of plaintiff's termination.[5] On its face, plaintiff's complaint states a cause of suit for violation of ORS 659.410 and 659.415. Defendant's motion for summary judgment and supporting affidavits outline the grievance procedures available to and pursued by plaintiff. The motion and affidavits are support for defendant's legal argument that the grievance procedures constitute plaintiff's exclusive remedy. They, together with plaintiff's counter-affidavit, generate a material factual dispute about the cause of plaintiff's dismissal.

In sum, the circuit court had jurisdiction over the complaint pursuant to ORS 659.410, 659.415 and 659.121(1). Whether defendant has violated ORS 659.410 and 659.415 is a question of fact which cannot

---

[5] We considered the circumstances of plaintiff's discharge in *Pac. NW Bell v. Emp. Div.*, 37 Or App 843, 588 P2d 654 (1978). We considered whether claimant, plaintiff in this case, had been discharged for misconduct connected with her work so as to be disqualified for unemployment benefits. We held there that the employer, defendant herein, had not met its burden of proof that the discharge was for misconduct.

[435]

be resolved on the existing record. It was error to grant defendant's motion for summary judgment.

Reversed and remanded.