Anna SPAINHOUER, Petitioner,

v.

WESTERN ELECTRIC COMPANY,
INC., Respondent.

No. B–9176.

Supreme Court of Texas.

April 15, 1981.

Rehearing Denied May 20, 1981.

Holley & Holley, Stephen L. Holley, Dallas, for petitioner.

Strasburger & Price, Royal H. Brin, Jr., Sheree Lynn McCall and Patrick F. McGowan, Dallas, for respondent.

WALLACE, Justice.

ON MOTION FOR REHEARING

Our opinion of March 11, 1981, is withdrawn and this opinion is substituted in its stead and the parties are given 15 days within which to file an Amended Motion for Rehearing.

This is a suit for wrongful termination of employment. The trial court granted summary judgment for respondent and the court of civil appeals affirmed. 592 S.W.2d 662. We reverse and remand.

Petitioner, Anna Spainhouer, was employed by respondent, Western Electric Company, Inc., and was injured in the course of her employment. She claimed worker's compensation benefits and after settling her claim she was ordered to report to work but refused to do so on the ground that she had not sufficiently recovered from her injuries. She was discharged for failure to report. She was a member of the Communications Workers of America which had a collective bargaining agreement with respondent. Petitioner complained to her union that she had been wrongfully discharged and the union commenced a grievance procedure with respondent pursuant to the collective bargaining agreement. As set out in the collective bargaining agreement, the grievance procedure consists of five steps, followed by binding arbitration at the option of either party. After completion of the fifth step the local union submitted the file to the district office of the international union without recommendation as to whether arbitration should be invoked. The district office declined to ask for arbitration. Upon being informed of this decision the petitioner filed suit for wrongful termination pursuant to Tex.Rev. Civ.Stat.Ann. art. 8307c, which provides:

Section 1. No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

The summary judgment evidence consisted of affidavits from two union representatives who stated that they had instituted a grievance procedure under Articles 22 and 29 of the collective bargaining agreement. Further, they stated that after completing the grievance procedure as set out in Article 10 of the agreement the district office of the international union declined to pursue the matter to arbitration. There was also an affidavit from petitioner in opposition to the motion for summary judgment, stating that she had requested the union to file a grievance for wrongful termination. The trial judge rendered a summary judgment which did not recite any findings of fact or conclusions of law. However, in a letter to each of the attorneys, a copy of which is in the record before us, the trial court set out its reason for the summary judgment, stating that it found *Thompson v. Monsanto Co.*, 559 S.W.2d 873 (Tex.Civ.App. Houston [14th Dist.] 1977, no writ) to control this case. We granted the application for writ of error in this case based on petitioner's point that the case is controlled by our recent decision in *Carnation Company v. Borner*, 610 S.W.2d 450 (Tex.1980). In *Borner*, we distinguished *Thompson v. Monsanto Co.*, pointing out that in *Monsanto* the employee had pursued his rights under the collective bargaining agreement to final arbitration; whereas in *Borner*, the grievance procedure under the collective bargaining agreement had broken off at an early stage and there was no arbitration.

In order to determine whether the steps taken by the union on petitioner's behalf precluded her from pursuing her rights under Art. 8307c we must look to the collective bargaining agreement itself. As previously noted, the summary judgment evidence consists of affidavits from two union representatives and the petitioner. The affidavits of the union representatives stated that they were involved in the grievance procedure which was filed under Articles 22 and 29 of the collective bargaining agreement. They both stated in their affidavits that a true and correct copy of the collective bargaining agreement was attached. However, the only portions of the agreement attached were copies of Articles 9, 10, 11, 22, 23, 29 and 30. Article 29 is entitled "Suspensions and Terminations of Employment—Relieved, Dropped or Discharged." This Article provides that the local union may question the justification of the acts taken . . . in accordance with Article 10—Grievance Procedure. Article 10 sets out the five step grievance procedure for settlement of grievances arising with respect to wages, hours of work and other conditions of employment. Article 11 is entitled "Arbitration" and provides for binding arbitration following the five step grievance procedure, upon application within the specified time by either party to the grievance procedure. And it further provides that the right to arbitrate any dispute should be deemed waived if either party fails to institute arbitration proceedings within sixty days following the receipt of the final answer of the company. When read together it is clear that a dispute would still be alive after the final step in the grievance procedure set out in Article 10. The dispute would be finally settled under the collective bargaining agreement only on submission to arbitration and a ruling by the arbitrator. This never took place in the instant case, so there was no final settlement of the dispute under the agreement. This case is thus distinguished from *Monsanto,* where there was a final award by the arbitrator.

Respondent contends that Section 301(a) of the Labor-Management Relations Act (Taft-Hartley Act) 29 U.S.C. § 185 (1970) preempts Article 8307c and that petitioner is barred from bringing this action. This point is not before us because there were no pleadings or evidence to raise the issue.

The judgments of the courts below are reversed and this cause is remanded to the trial court for trial on the merits.