**Willie D. RICHARDS, Petitioner,**

v.

**HUGHES TOOL COMPANY,
Respondent.**

No. C-150.

Supreme Court of Texas.

April 29, 1981.

Rehearing Denied June 3, 1981.

Gordon R. Cooper, II, Houston, for petitioner.

Andrews, Kurth, Campbell & Jones, Kent W. Robinson and Marcia A. Graham, Houston, for respondent.

PER CURIAM.

This case involves an alleged wrongful discharge under Texas Revised Civil Statutes Annotated article 8307c. Richards was fired by Hughes Tool Company in 1975 shortly after he was hurt on the job. Trial was to a jury which found that Richards was discharged for instituting proceedings to claim workers compensation benefits. The trial court entered judgment on the verdict. The court of civil appeals reversed the judgment of the trial court and rendered judgment for Hughes Tool Company. That court reasoned that a final settlement of Richards' union grievance precluded this lawsuit. 610 S.W.2d 232. We reverse the judgment of the court of civil appeals and remand the cause to that court.

Richards was hurt on July 7, 1975. On July 8, 1975, following a disturbance, he was suspended. The United Steelworkers of America's contract with Hughes Tool Company provides that a worker must be suspended initially for not more than five working days prior to being discharged. Richards was discharged on July 14, 1975. The contract provides for a grievance meeting prior to the discharge, and that the complaint was then to be handled as any other grievance. Various steps are set out in the grievance procedure, culminating with arbitration.

Only the first step was followed in Richards' case. The Union then requested, and obtained, a review outside of the established grievance procedure. That meeting was adjourned without a final determination. Prior determinations were against Richards. No further action was taken by the Union or Richards until this lawsuit was filed by Richards.

In *Carnation Co. v. Borner*, 610 S.W.2d 450 (Tex.1980), there was a jury finding that no settlement was reached on the grievance filed by Borner's union. A grievance had been filed by Borner, but it was never acted upon by his union. In *Spainhouer v. Western Electric Co.*, 615 S.W.2d 190, 24 Tex.S.Ct.J. 336, (substituted opinion of April 15, 1981), the grievance was carried through all steps except binding arbitration. In both cases we distinguished *Thompson v. Monsanto Company*, 559 S.W.2d 873 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ). In *Monsanto*, the union grievance proceeding had been carried through arbitration, and Thompson had an adverse and binding decision. The court in *Monsanto* held arbitration precluded a subsequent lawsuit on the same claim of wrongful discharge. The court of civil appeals in this case followed *Monsanto*. It held that there had been a final settlement or determination under the union grievance proceedings as set out in the union contract. This holding is contrary to *Spainhouer*.

The application for writ of error is granted; and, without hearing oral argument, we

reverse the judgment of the court of civil appeals. Rule 483, Texas Rules of Civil Procedure. The court of civil appeals did not consider Hughes Tool Company's other points of error. They included several factual sufficiency points over which this Court has no jurisdiction. Accordingly, we remand the cause to the court of civil appeals for proceedings consistent with this opinion.