Amalia C. RUIZ, Petitioner,

v.

MILLER CURTAIN COMPANY,
INC., Respondent.

No. C–4064.

Supreme Court of Texas.

Dec. 11, 1985.

Rehearing Denied Feb. 5, 1986.

Rodolfo R. Munoz, San Antonio, Laron D. Robinson, Houston, for petitioner.

Manitzas, Harris & Padgett, Shelton E. Padgett and J. Tullos Wells, San Antonio, for respondent.

CAMPBELL, Justice.

Amalia Ruiz was fired from her job at Miller Curtain Company after filing a claim for workers' compensation. Ruiz then sued Miller Curtain for wrongful discharge under article 8307c, Tex.Rev.Civ.Stat.Ann. Article 8307c prohibits an employer from firing an employee in retaliation for filing a claim for workers' compensation.[1] Ruiz also alleged her termination was a violation of her civil rights under 42 U.S.C. § 1985 (1982).

Miller Curtain removed the case to federal court. The federal court dismissed the section 1985 complaint for lack of a factual or legal basis and remanded the cause to the state court for disposition of the article 8307c claim.

In the state court Miller Curtain moved to dismiss the cause for want of jurisdiction, asserting Ruiz' article 8307c cause of action is preempted by the National Labor Relations Act (NLRA). The trial court granted the motion to dismiss and rendered judgment that Ruiz take nothing. The court of appeals affirmed the trial court's judgment. 686 S.W.2d 671. We reverse the judgment of the court of appeals.

The issue before this court is whether an employee's state cause of action for wrongful discharge against an employer doing business in interstate commerce is preempted by sections 7 and 8 of the NLRA. 29 U.S.C. §§ 157 and 158 (1982). It is undisputed that Miller Curtain conducts business affecting interstate commerce and is therefore subject to regulation under the NLRA. Section 7 of the NLRA provides:

Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities....

29 U.S.C. § 157 (1982). Section 8 of the NLRA provides in part:

(a) It shall be an unfair labor practice for an employer—

(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157....

Id. § 158(a)(1). Ruiz was not a member of a labor union during her employment at Miller Curtain, nor were Miller Curtain and its employees parties to any kind of collective bargaining agreement.

The preemption doctrine originated from the Supremacy Clause of the United States Constitution, article VI. The clause mandates that federal law occupying a particular area will supercede or preempt state regulation in that area. *Kelly v. Washington*, 302 U.S. 1, 58 S.Ct. 87, 82 L.Ed. 3 (1937). There is no precise formula to determine whether the state's regulation has been preempted. *Weber v. Anheuser-Busch*, 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546 (1955).

In determining whether a state cause of action is preempted by federal regulation under the NLRA, the United States Supreme Court stated, "State regulations and causes of action are presumptively preempted if they concern conduct that is actually or arguably either prohibited or protected by the Act." *San Diego Build-*

---

1. Article 8307c provides:
Protection of claimants from discrimination by employers; remedies; jurisdiction
Section 1. No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

Sec. 2. A person who violates any provision of Section 1 of this Act shall be liable for reasonable damages suffered by an employee as a result of the violation, and an employee discharged in violation of the Act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.
Sec. 3. The district courts of the State of Texas shall have jurisdiction, for cause shown, to restrain violations of this Act.

*ing Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). However, the court added, the State regulation may be sustained if the conduct regulated is "of only peripheral concern to the federal law or touches interests deeply rooted in local feeling and responsibility." *Id.* at 236, 79 S.Ct. at 773. This has become known as the *Garmon* doctrine.

■ For the 8307c cause of action to be preempted, the filing of a worker's compensation claim must be at least "arguably" protected by the NLRA under *Garmon.* Sections 7 and 8 of the NLRA protect a worker's right to engage in self-organization, to bargain collectively, and to engage in "other concerted activities" for the purpose of collective bargaining or other mutual aid or protection. Amalia Ruiz was not in a labor union and no collective bargaining agreement existed. Thus, the only way her state claim can be preempted by the NLRA is if the Texas statute attempts to protect the kind of "concerted activity" referred to in section 7. We hold that filing a claim for workers' compensation benefits does not constitute the type of "concerted activity" contemplated by the NLRA. *Krispy Kreme Doughnut Corp. v. NLRB,* 635 F.2d 304 (4th Cir.1980). Therefore, Ruiz' cause of action under article 8307c is not preempted by federal law.

■ Even if the concept of "concerted activity" could be so broadly construed as to encompass an individual employee's workers' compensation claim, the 8307c cause of action would not fall under the preemption doctrine. The action taken by Ruiz which the state statute protects is neither actually nor arguably subject to the NLRA.

"The Supreme Court has discouraged the inflexible application of the *Garmon* doctrine, especially where the state has a substantial interest in regulation of the conduct at issue and the state's interest is one that does not threaten undue interference with the federal regulatory scheme." *Peabody-Galion v. Dollar,* 666 F.2d 1309 (10th Cir.1981) (citing *Farmer v. United Broth-*

*erhood of Carpenters,* 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977)).

Furthermore, the court has recognized exceptions to the *Garmon* preemption rule. A state statute otherwise within the scope of *Garmon* will not be preempted if the conduct it attempts to regulate is merely a peripheral concern of the NLRA, nor will preemption occur if the statute touches interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, it could not be inferred that Congress has deprived the states of the power to act. *Peabody-Galion,* 666 F.2d at 1317 (citing *Garmon,* 359 U.S. at 243–44, 79 S.Ct. at 779).

■ Article 8307c is intended to protect the state scheme of workmens' compensation. The states have traditionally enacted and regulated their own respective workers' compensation systems. Nothing in the NLRA or other federal legislation indicates that Congress has taken away the states' Tenth Amendment power to regulate in this area. "Workmen's compensation is preeminently a matter of state concern." *Peabody-Galion,* 666 F.2d at 1317. The state statutes designed to further the workers' compensation system touch interests deeply rooted in local feeling and responsibility. Absent compelling congressional direction we cannot infer that Congress has deprived the states of the power to act in this area.

■ Moreover, the conduct regulated by article 8307c is at most a merely peripheral concern of the NLRA. The central purpose of the NLRA is to promote the organization of unions and to provide unions with an atmosphere of freedom to organize and bargain collectively. *Id.* at 1313. The Texas workers' compensation system has nothing to do with union activity or collective bargaining. We see very little likelihood that the Texas scheme will interfere with the policies or workings of the federal statute.

The United States Court of Appeals for the 10th Circuit dealt with the question of NLRA preemption of an Oklahoma statute

similar to 8307c. *Id.* at 1313. However, the plaintiff in that case was a union member and the union was bound by a collective bargaining agreement. Nevertheless, the 10th Circuit held the employee's state cause of action for retaliatory discharge, sounding in tort, was not preempted by the federal labor statute. The court stated, "It is inconceivable that there would be state court interference with federal labor policy in connection with the present type of statute." 666 F.2d at 1316. The court further concluded that even where a minor aspect of a state cause of action is at least arguably within the regulatory jurisdiction of the NLRB, the *Garmon* rule is not to be read to require preemption.

> The Oklahoma statute ... undertakes to regulate conduct that is purely local in its character. It seeks to remedy discharges that are imposed as sanctions against state workers who are claiming workmen's compensation. Actions for damages brought pursuant to the Oklahoma statute are not unlike other state law tort actions sustained by the Supreme Court as exceptions to the preemption doctrine. Cf. *Farmer, supra* (intentional infliction of emotional distress); *Linn v. Plant Guard Workers,* 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966) (libel).

*Peabody-Galion,* 666 F.2d at 1317–18.

In a factually similar case, the Supreme Court of Hawaii held that a state statute prohibiting unlawful discharges for injuries compensable under workers' compensation was not preempted because those statutes are of only peripheral concern to federal labor laws. *Puchert v. Agsalud,* 677 P.2d 449 (Hawaii 1984), *appeal dism'd sub nom. Pan American World Airways, Inc. v. Puchert,* — U.S. ——, 105 S.Ct. 2693, 86 L.Ed.2d 710 (1985). "The state has a substantial interest in the welfare of workers who are injured in the course of their employment and to see that they are not penalized for pursuing remedies granted to them by statute," *Puchert,* 677 P.2d at 456. The United States Supreme Court dismissed the appeal in *Puchert* because no substantial federal question was presented.

— U.S. ——, 105 S.Ct. 2693, 86 L.Ed.2d 710 (1985). As did *Peabody-Galion, Puchert* involved a union employee and a collective bargaining agreement, making the case for preemption stronger than in this case. Other jurisdictions which have considered this issue are in accord. *See, e.g., Vaughn v. Pacific Northwest Bell Telephone Co.,* 40 Or.App. 427, 595 P.2d 829 (1979), *aff'd,* 289 Or. 73, 611 P.2d 281 (1980); *Judson Steel Corp. v. Workers' Compensation Appeals Board,* 22 Cal.3d 658, 150 Cal.Rptr. 250, 586 P.2d 564 (1978).

The doctrine of federal preemption does not apply. We reverse the judgment of the court of appeals and remand the cause to the trial court for trial on the merits.