**Hurdis BONNER, Jr., Appellant,**

v.

**FLEMING COMPANIES,
INC., Appellee.**

No. 2–86–250–CV.

Court of Appeals of Texas,
Forth Worth.

Aug. 13, 1987.

---

Paul Enlow and Associates and Paul Wendell Enlow, Fort Worth, for appellant.

Matthews & Branscomb and John A. Ferguson, Jr., San Antonio, for appellee.

Before JOE SPURLOCK, II, HILL and KELTNER, JJ.

OPINION

HILL, Justice.

Hurdis Bonner, Jr. appeals from the granting of a summary judgment that he take nothing in the wrongful discharge suit which he brought under TEX.REV.CIV.

---

STAT.ANN. art. 8307c (Vernon Supp.1987) against Fleming Companies, Inc., the appellee. Bonner alleged that the discharge was retaliation for his making a claim for worker's compensation. In two points of error, he urges that the trial court erred in granting summary judgment. He asserts that he is not precluded from bringing this action by his failure to pursue the grievance procedure in his union's collective bargaining agreement and that federal labor law does not preempt the application of state law to this proceeding.

We reverse and remand for trial because we agree with Bonner's assertions.

In point of error number one, Bonner asserts that the trial court erred in granting Fleming's summary judgment on the basis that Bonner had not exhausted the administrative and contractual remedies available to him under the bargaining agreement between the Teamsters Union and Fleming. Bonner argues that he is not required to exhaust the administrative and contractual remedies available under the bargaining agreement in order to bring suit under article 8307c.

In his affidavit in support of the motion for summary judgment, Fleming's Human Resources Manager swore that Bonner was covered by a collective bargaining agreement which contained a grievance and arbitration procedure. He further swore that Bonner never filed a grievance in accordance with the procedure with respect to his discharge. Although Bonner sought to show upon motion for new trial that he had in fact filed a grievance with a union steward, the trial court found that there was no newly discovered evidence which was unknown to Bonner prior to the hearing on Fleming's motion for summary judgment and denied his motion for new trial. In the "Order Granting Defendant's Motion for Summary Judgment," the trial court found that Bonner failed to file a grievance under the contractual grievance and arbitration procedure and that exhaustion of those remedies was a necessary condition precedent.

The issue, then, presented by point of error number one, is whether or not Bon-

ner is precluded from bringing his wrongful discharge suit, as authorized by article 8307c, by his failure to pursue the grievance procedure set forth in the collective bargaining agreement between the Teamsters Union and Fleming.

An employee is not precluded from pursuing his remedy for wrongful discharge under article 8307c because of a grievance procedure contained in a collective bargaining agreement between the employer and a union unless there has previously been a final settlement of the dispute pursuant to the agreement. *Spainhouer v. Western Elec. Co., Inc.,* 615 S.W.2d 190, 191 (Tex.1981); *Richards v. Hughes Tool Co.,* 615 S.W.2d 196, 197–98 (Tex.1981); *Carnation Co. v. Borner,* 610 S.W.2d 450, 453 (Tex.1980). It follows that the trial court erred in holding that such an action may not be brought until a party has exhausted the remedies provided in the agreement. Fleming contends that the facts in this case are distinguishable from those in the three cases cited in that Bonner never attempted to avail himself of the grievance procedure available under the contract whereas the workers in *Carnation, Spainhouer* and *Richards* did. We do not accept this interpretation of these cases. In *Carnation,* the court emphasized the fact that the remedies under the contract were limited to reinstatement and back pay, whereas under article 8307c the worker can also recover reasonable damages. *Carnation,* 610 S.W.2d at 453. In the contract before us, the worker is limited to receiving the actual net wage loss incurred since filing the grievance, less whatever sums he might have received or which are due to him for that period. In *Richards,* there is no indication that past a certain point the worker made any reasonable effort to pursue grievance procedures. Our understanding of the authorities is that an employee who elects to utilize the grievance procedure in a collective bargaining agreement and who obtains a final settlement of dispute through those procedures is precluded from bringing an action under article 8307c, but that the worker is not precluded from bringing such an action where

he has not pursued the grievance procedure to a final decision. We sustain point of error number one.

In point of error number two, Bonner contends that the trial court erred in granting the summary judgment on the basis that federal labor law preempts the application of state law to this proceeding.

The Texas Supreme Court has held that a worker's action under article 8307c is not preempted by federal labor law. *Ruiz v. Miller Curtain Co., Inc.*, 702 S.W.2d 183 (Tex.1985); *see also Peabody Galion v. Dollar*, 666 F.2d 1309, 1316 (10th Cir.1981) and *Puchert v. Agsalud*, 67 Hawaii 225, 677 P.2d 449, 455 (1984), *appeal dism'd sub. nom., Pan American World Airways, Inc. v. Puchert*, 472 U.S. 1001, 105 S.Ct. 2693, 86 L.Ed.2d 710 (1985). As noted in *Ruiz*, the United States Supreme Court dismissed the appeal in *Puchert* because it presented no substantial federal question.

Fleming argues that *Ruiz* is inapplicable to our case since *Ruiz* did not involve a collective bargaining agreement and since it involved different sections of the act. We find that the general principles expressed in *Ruiz* are equally applicable under the facts presented here. Fleming acknowledges that *Peabody* and *Puchert*, which the Texas Supreme Court relied on in *Ruiz*, are comparable because they each involved collective bargaining agreements. Fleming argues that those two cases were impliedly overruled by the United States Supreme Court opinion in *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985).

*Allis-Chalmers* involved a suit alleging a bad faith handling of a disability claim under a group health and disability plan which was incorporated by reference into a collective bargaining agreement. The Supreme Court held that when the resolution of a state law claim is substantially dependent upon analysis of an agreement made between the parties in a labor contract, that claim must either be treated as a contract claim under section 301 of the National Labor Relations Act, 29 U.S.C.A. section 185 (1978), in which case one must pursue arbitration procedures before bringing suit, or the suit must be dismissed because it was preempted by federal labor law. *Id.*, 105 S.Ct. at 1916. We hold that *Allis-Chalmers* is not applicable because the resolution of a claim for wrongful discharge under article 8307c is not substantially dependent upon analysis of the collective bargaining agreement. We believe our view is supported by the fact that the Supreme Court dismissed the appeal in *Puchert* because it presented no substantial federal question. The Supreme Court ordered the dismissal after issuing its opinion in *Allis-Chalmers*. We sustain point of error two.

The judgment is reversed and the cause remanded for trial.