William JONES, Plaintiff–Appellant,

v.

ROADWAY EXPRESS, INC.,
Defendant–Appellee.

No. 90–5606.

United States Court of Appeals,
Fifth Circuit.

May 29, 1991.

Opinion on Denial of Rehearing
July 16, 1991.

Larry R. Daves, San Antonio, Tex., for plaintiff-appellant.

Shelton E. Padgett, Kris J. Bird, Akin, Gump, Strauss, Haver & Feld, San Antonio, Tex., for defendant-appellee.

Before BROWN, JOHNSON and WIENER, Circuit Judges.

WIENER, Circuit Judge:

In this retaliatory discharge case, which originated in state court and was removed to federal district court on the basis of diversity of citizenship and federal question jurisdiction, the Plaintiff–Appellant, William Jones, appeals the order of the district court granting summary judgment in favor of Defendant–Appellee, Roadway Express, Inc. The district court held that, because arbitration under the terms of a collective bargaining agreement (CBA) resulted in a final binding decision, the Texas election-of-remedies doctrine barred Jones' claim, pursuant to article 8307c of the Revised Civil Statutes of the State of Texas, for retaliatory discharge in anticipation of his filing a claim for workers' compensation benefits. Because we find error in the district court's judgment, we reverse, and we remand with instructions to vacate the judgment and remand to state court.

I

## OPERABLE FACTS AND PROCEEDINGS BELOW

Jones was employed as a truckdriver for Roadway from 1972 until 1988 under the terms of a CBA between Roadway and the International Brotherhood of Teamsters (Teamsters). Jones left work after injuring his back in 1981 and did not return until 1986. In November 1987 Jones was discharged for failing to protect his bids, i.e., failing to work on an assignment which Roadway had scheduled and for which the drivers had bid based on their seniority. The grievance committee established under the CBA later reduced his discharge to ten days. Jones reinjured his back on January 26, 1988, and was forced to miss work for a few weeks in February 1988. Roadway issued a written warning to Jones that he would be dismissed if he failed to work the assignments on which he had bid. On February 26, 1988, Jones phoned to say that he could not work that evening on an assignment on which he had bid. Roadway fired him by letter dated February 26th.

Jones then filed a grievance under the CBA, a grievance which did not include his article 8307c claim for retaliatory discharge. The grievance committee denied his grievance on April 18, 1988. Jones filed a workers' compensation claim on June 13, 1988, and brought this lawsuit on August 13, 1988, in state court. Roadway had the case removed to federal court on the basis of both diversity and federal question jurisdiction. As a basis for the latter it alleged that section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, preempted Jones' claims. Jones moved to remand the case to state court as a nonremovable action under section 1445(c) of Title 28 of the United States Code. On May 18, 1989, the court denied Jones' motion. The court stated that Jones had explicitly stated a claim of retaliatory discharge under article 8307c, but had only implied two claims under the CBA. The court, consequently, required Jones to amend his pleadings to enable it to determine whether his

state law claims were preempted. Jones amended his complaint to assert solely a cause of action under article 8307c.

In the meantime, on January 12, 1989, Roadway had filed a motion for summary judgment. Jones, in his response to Roadway's supplement to its motion for summary judgment, seemed to resurrect his section 301 unfair representation claim. But his attitude to this latter claim was equivocal: he declared he was electing not to pursue the unfair representation claim, but insisted that he was not abandoning it either. On June 26, 1990, the district court granted summary judgment in Roadway's favor, dismissing Jones' lawsuit. The court concluded that Jones had opted to pursue his allegations to a final decision in grievance rather than in judicial proceedings. Under the Texas election-of-remedies doctrine, his choice of remedies now barred him, declared the district court, from pursuing an alternative remedy.

The district court noted that if Jones were still alleging that Roadway had breached the CBA and that his union had breached its duty of fair representation, he would be bringing a hybrid claim which federal law would preempt. But the district court found that Jones had expressly withdrawn his section 301 allegations and was instead reasserting his article 8307c claim. The court then held that the Texas election-of-remedies doctrine foreclosed this claim absent an allegation of a breach of the duty of fair representation—an allegation that Jones had expressly withdrawn. Jones' notice of appeal was timely filed.

## II

## DISCUSSION

### A. *Summary Judgment*

 We will affirm a grant of summary judgment if no genuine issues of material fact exist and if the defendants are entitled to judgment as a matter of law. *See Randolph v. Laeisz*, 896 F.2d 964, 969 (5th Cir.1990) (citing *Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir.1989); *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 548 (5th Cir.1989)). We must

first decide whether the district court was correct in concluding that the election-of-remedies doctrine barred Jones' 8307c suit. We "review de novo a district court's determination of state law" without deference to the district court. *Salve Regina College v. Russell*, —— U.S. ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991); *Allison v. ITE Imperial Corp.*, 928 F.2d 137, 138 (5th Cir.1991).

### B. *Election of Remedies*

 In concluding that the Texas election-of-remedies doctrine barred Jones from pursuing his retaliatory discharge claim in judicial proceedings, the district court relied on *Thompson v. Monsanto Co.*, 559 S.W.2d 873 (Tex.Civ.App.1977), and on the Texas Supreme Court cases which had restricted that decision, *Richards v. Hughes Tool Co.*, 615 S.W.2d 196 (Tex.1981), *cert. denied*, 456 U.S. 991, 102 S.Ct. 2272, 73 L.Ed.2d 1286 (1982); *Spainhouer v. Western Elec. Co.*, 615 S.W.2d 190 (Tex.1981); and *Carnation Co. v. Borner*, 610 S.W.2d 450 (Tex.1980). The Texas Supreme Court had restricted the *Monsanto* holding that an article 8307c suit is barred to only those cases in which "a final settlement or determination" has occurred under the union grievance proceedings as set out in the CBA. *Richards*, 615 S.W.2d at 197.

Recently, however, the Texas Supreme Court has explicitly "disapprove[d] of the holding in *Monsanto.*" *International Union v. Johnson Controls, Inc.*, 786 S.W.2d 265, 265 (Tex.1990). The court held that an arbitration decision pursuant to a CBA does not preempt an action under the Texas Workers' Compensation Act. *Id.* The court reasoned that *Monsanto* conflicted with *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), and with *Ruiz v. Miller Curtain Co.*, 702 S.W.2d 183 (Tex.1985), *cert. denied*, 478 U.S. 1004, 106 S.Ct. 3295, 92 L.Ed.2d 710 (1986). *Id.* In *Lingle*, the United States Supreme Court held that state causes of action concerning labor disputes are permissible when such suits do not involve interpreting collective bargaining agreements. *Id.* (citing *Lingle*, 486

U.S. at 411, 108 S.Ct. at 1884, 100 L.Ed.2d at 422). In *Ruiz*, the Texas Supreme Court held that federal law does not preempt a cause of action under article 8307c. *Id.* (citing *Ruiz*, 702 S.W.2d at 185).

Given the decision of the Texas Supreme Court in *Johnson Controls*, we hold that the adverse arbitration decision does not bar Jones' article 8307c suit. Consequently, we must next decide whether federal law, specifically section 301 of the LMRA, 29 U.S.C. § 185(a), preempts Jones' state-law claim of retaliatory discharge in anticipation of his filing a workers' compensation claim, Tex.Rev.Civ.Stat.Ann. art. 8307c.

## C. *Preemption*

Section 301 of the LMRA states:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). The Supreme Court in *Lingle* held that section 301 preempts an application of state law "only if such application requires the interpretation of a collective-bargaining agreement." *Lingle*, 486 U.S. at 413, 108 S.Ct. at 1885, 100 L.Ed.2d at 423. Congress did not intend that section 301 should preempt "state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 219, 105 S.Ct. 1904, 1915, 85 L.Ed.2d 206 (1985). Even when, as in this case, a CBA provides a remedy for a retaliatory discharge that may also violate state law, "the existence or the contours of the state-law violation" need not depend upon the terms of the CBA. *Lingle*, 486 U.S. at 412–13, 108 S.Ct. at 1884–85, 100 L.Ed.2d at 423. That the state court would have to decide precisely the same issue and analyze the same facts as would the arbitrator does not matter so

long as resolving the state-law claim without interpreting the CBA is possible. *See id.* at 410, 108 S.Ct. at 1883, 100 L.Ed.2d at 421. The Court noted that in a typical case involving, for instance, "just cause" for discharge, a state court could resolve a discrimination or retaliatory discharge claim without interpreting the "just cause" language of the CBA. *Id.* at 413, 108 S.Ct. at 1885, 100 L.Ed. at 423. In such instances, the state-law claim is "independent" of the CBA for preemption purposes. *Id.* at 410, 108 S.Ct. at 1883, 100 L.Ed.2d at 421.

This court has stated that section 301 preemption occurs when resolution of a dispute is " '*substantially* dependent upon analysis of the terms' of the collective bargaining agreement." *Wells v. General Motors Corp.*, 881 F.2d 166, 173 (5th Cir. 1989) (citing *Allis–Chalmers*, 471 U.S. at 220, 105 S.Ct. at 1915, 85 L.Ed.2d 206), *cert. denied*, —— U.S. ——, 110 S.Ct. 1959, 109 L.Ed.2d 321 (1990). (emphasis in original). A plaintiff's state law claims will not be preempted, even when they are "intertwined" with a CBA, so long as they are not "inextricably intertwined" with it. *Id.* at 175 n. 20; *see Allis–Chalmers*, 471 U.S. at 213, 105 S.Ct. at 1912, 85 L.Ed.2d 206. Indeed, either party may use a CBA to support the credibility of its claims. *Wells*, 881 F.2d at 175 n. 20.

To determine if adjudicating the claim requires interpreting the terms of a CBA, a court is required under *Lingle* first to analyze the elements of the tort at issue. *See id.* at 406–07, 108 S.Ct. at 1881–82, 100 L.Ed.2d at 419–20. Section 1 of article 8307c provides that

No person may discharge or in any other manner discriminate against any employee .because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act....

Tex.Rev.Civ.Stat.Ann. art. 8307c, sec. 1. The statute expresses "the state's public policy of protecting its important interest in insuring that its workmen's compensation law can function to the benefit of its

intended beneficiaries, employees, without coercion or unjust treatment from their employers as a result of exercising their rights under that law." *Carnation Co. v. Borner,* 588 S.W.2d 814, 819 (Tex.Civ.App. 1979) *aff'd* 610 S.W.2d 450 (Tex.1980).

■■■ The plaintiff in an article 8307c suit has the burden of establishing a causal link between his discharge and his claim for workers' compensation.[1] *Hughes Tool Co. v. Richards,* 624 S.W.2d 598, 599 (Tex. Civ.App.1981), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2272, 73 L.Ed.2d 1286 (1982). Once the plaintiff has established the causal link, the employer must rebut by showing a legitimate reason for the discharge. *Id.* The plaintiff does not need to prove that he was discharged solely because of his proceeding with his workers' compensation claim; he need prove only that his claim was a determining factor in his discharge. *Azar Nut Co. v. Caille,* 720 S.W.2d 685, 687 (Tex.Civ.App.1986) (citing *Santex, Inc. v. Cunningham,* 618 S.W.2d 557 (Tex.Civ.App.1981)) *aff'd* 734 S.W.2d 667 (Tex.1987). Even if other reasons for discharge exist, the plaintiff may still recover damages if retaliation is also a reason. *Santex,* 618 S.W.2d at 558–59.

■ As in *Lingle,* the basic issue in this case is whether a retaliatory discharge occurred. Resolution of this issue does not require an interpretation of the CBA. The trial court has to ascertain if retaliation was among the reasons for which Roadway dismissed Jones. *See Santex,* 618 S.W.2d at 558–59. Roadway may have had other reasons, even reasons which the CBA justified, for dismissing Jones. But if retaliation was a factor, then for the purposes of Jones' article 8307c claim, an interpretation of the CBA is not inextricably intertwined with the state-law claim. As this court has earlier noted, however, *Wells,* 881 F.2d at 175 n. 20, we do not require that the CBA be irrelevant to the dispute; either party may still use the CBA to support the credibility of its claims.

Furthermore, the right to be free from retaliatory discharge for pursuing workers' compensation exists for Jones, as it did for the employee in *Lingle,* independently of the CBA. The right originates in the statute which Texas has enacted to protect employees seeking compensation for work-related injuries. It does not depend upon any right or duty originating in the CBA. Jones' right would exist even were there no CBA. The right that Jones claims accrues to employees "as individual workers, not as members of a collective organization." *See Eldridge v. Felec Services, Inc.,* 920 F.2d 1434, 1438 (9th Cir.1990) (citing *Metropolitan Life Ins. Co. v. Mass.,* 471 U.S. 724, 755, 105 S.Ct. 2380, 2397, 85 L.Ed.2d 728 (1985)).

Other circuits have also concluded that section 301 does not preempt retaliatory discharge claims under statutes similar to the Texas statute at issue in this case. Ruling on a comparable Oklahoma statute, the tenth circuit held that, because interpreting the CBA was unnecessary in evaluating why the employer discharged the employee, section 301 does not preempt the state-law claim. *Marshall v. TRW, Inc., Reda Pump Division,* 900 F.2d 1517, 1520–21 (10th Cir.1990). Crucial to the decision in *Marshall* was the presence in both *Lingle* and *Marshall* of an independent statutory cause of action which creates an independent method of review. *Johnson v. Beatrice Foods Co.,* 921 F.2d 1015, 1021 (10th Cir.1990). Section 301, the tenth circuit declared, does not preempt such statutes "even though the CBA grievance procedure would review the same facts under a more general claim of unjust discharge." *Id.* (citing *Lingle,* 486 U.S. at 408, 108 S.Ct. at 1882, 100 L.Ed.2d at 420). The ninth circuit has held that, because a claim for breach of implied covenant of good faith was founded upon the nonnegotiable mandatory conditions of the Alaska Workers' Compensation Act, and not upon any right or duty originating in a CBA, section 301 did not preempt the claim. *Eldridge,* 920 F.2d at 1438.

---

1. Article 8307c may apply even when a plaintiff has not filed a workers' compensation claim before being discharged. *Hunt v. Van Der Horst Corp.,* 711 S.W.2d 77, 80 (Tex.Civ.App.1986) (citing *Texas Steel Co. v. Douglas,* 533 S.W.2d 111, 115–16 (Tex.Civ.App.1976)).

Having determined that federal law does not preempt Jones' section 8307c claim, we must next decide whether to remand the case to state court.

### D. *Remanding Case to State Court*

■ The question that confronts this court is whether the case should be remanded to state court now that only a state-law claim remains, not whether the defendant properly removed the case to federal court. Nevertheless, the issue of removal controls our analysis. As a preliminary matter we note that Roadway, the party which sought removal, alleged diversity of citizenship, but has never established it.[2] Irrespective, however, of whether the parties to this dispute are diverse, this case must be remanded to state court.

To restrict diversity jurisdiction and to stop the removal of compensation cases which were increasing the already overburdened docket of the federal courts, Congress enacted section 1445(c) of Title 28 of the United States Code. S.Rep. No. 1830, 85th Cong., 2nd Sess., *reprinted in* 1958 U.S.Code Cong. & Admin.News 3099, 3103–06. Section 1445(c) declares:

> A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

28 U.S.C. § 1445(c). This statute "reflects a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition." *Kay v. Home Indemnity Co.*, 337 F.2d 898, 902 (5th Cir.1964). Convinced that compensation cases "have little real business in a federal court," this court has been reluctant "to strain to find a way to entertain workmen's compensation suits." *Id.* at 901.

We must, however, determine preliminarily whether an action under article 8307c is a civil action "arising under" the workers' compensation laws of Texas. Several federal district courts in Texas have answered affirmatively. *E.g., Soto v. Tonka Corp.*, 716 F.Supp. 977, 979 (W.D.Tex.1989); *Chavez v. Farah Mfg. Co.*, 715 F.Supp. 177, 178 (W.D.Tex.1989); *Wallace v. Ryan–Walsh Stevedoring Co.*, 708 F.Supp. 144, 149 (E.D.Tex.1989). But at least three such courts have held otherwise. *Chatman v. Saks Fifth Ave.*, 762 F.Supp. 152 (S.D.Tex. 1991); *Gillis v. U.S. Natural Resources Inc.*, 4 IER Cases 1259, 1989 WL 132312 (W.D.Tex.1989); *Richardson v. Owens–Illinois Glass Container, Inc.*, 698 F.Supp. 673 (W.D.Tex.1988).[3] In *Chatman* the district court stated that although article 8307c remained intact after the Texas Legislature comprehensively revamped the state's workers' compensation laws in 1989, the Legislature expressly deleted the article from the bill that eventually passed, thereby indicating that the Legislature did not consider article 8307c to be part of the

---

**2.** Roadway's pleadings fail to establish the basis for diversity jurisdiction. Its petition for removal merely asserts that the federal district court has original jurisdiction under the diversity of citizenship statute, 28 U.S.C. § 1332, and under the civil rights and elective franchise statute, 28 U.S.C. § 1343; and that the case may be removed to federal court pursuant to section 1441(b) of Title 28, United States Code. To its petition for removal, Roadway attaches Jones' original petition in which he alleges that Roadway is a foreign corporation which does business in Texas and maintains a terminal there where Roadway is to be served with the petition. In its answer to Jones' petition, Roadway admits that it is a corporation doing business in the state of Texas and that it maintains a terminal in Texas. It neither denies nor admits that it is a foreign corporation. As Roadway might well be either incorporated or have its principal place of business in Texas, it could lack diversity of citizenship under section 1332(c) of Title 28.

**3.** Some federal district courts in jurisdictions outside Texas have denied motions to remand on section 1445(c) grounds. But they have reasoned that, because the retaliatory discharge action was judicially and not statutorily created, it was not a part of the workers' compensation laws. *Smith v. Union Carbide Corp.*, 664 F.Supp. 290, 292 (E.D.Tenn.1987); and *Waycaster v. AT & T Technologies, Inc.*, 636 F.Supp. 1052, 1054 (N.D.Ill.1986); *see also Powers v. Travelers Ins. Co.*, 664 F.Supp. 252, 254 (S.D. Miss.1987) (because actions for bad-faith refusal to pay compensation benefits are judicially created to address wrongs not compensable under compensation act, they do not arise under workers' compensation act, and so § 1445(c) does not bar removal).

workers' compensation laws. *Chatman,* 762 F.Supp. 152. But whether a state has codified a statute as part of its workers' compensation chapter does not determine whether a claim filed under that statute is one "arising under the workers' compensation laws" for the purpose of section 1445(c).

*Richardson* bases its conclusion that an article 8307c claim does not arise under the compensation laws on two Texas appellate court decisions: *Fidelity & Casualty Co. v. Gaedcke Equipment Co.,* 716 S.W.2d 542, 543 (Tex.App.1986, writ ref'd n.r.e.), and *Artco–Bell Corp. v. Liberty–Mutual Ins. Co.,* 649 S.W.2d 722, 724 (Tex.App.1983 no writ).[4] But these state court decisions neither could nor did decide whether for the purposes of section 1445(c) an article 8307c claim arises under the compensation laws of Texas.

■■■ Federal law governs the construction of removal statutes. *See Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 705, 92 S.Ct. 1344, 1349, 31 L.Ed.2d 612, 619 (1972); *Paxton v. Weaver,* 553 F.2d 936, 940–41 (5th Cir.1977) ("construction of the removal statute [28 U.S.C. § 1441(c) ] is a question of federal law"). Because Congress intended that all cases arising under a state's workers' compensation scheme remain in state court, we believe that we should read section 1445(c) broadly to further that purpose.

This court has declared, in analyzing the statute that grants federal question jurisdiction, 28 U.S.C. § 1331, that " '[a] suit arises under the law that creates the cause of action.' " *Lowe v. Ingalls Shipbuilding,* 723 F.2d 1173, 1178 (5th Cir.1984) (quoting *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916); *Superior Oil Co. v. Pioneer Corp.,* 706 F.2d 603, 605 (5th Cir.1983), *cert. denied,* 464 U.S. 1041, 104 S.Ct. 706, 79 L.Ed.2d 171 (1984)). We do not see any reason not to define "arising under" in section 1445(c) as we have defined it in section 1331.

When we apply this definition to an article 8307c lawsuit, we are satisfied that such a suit arises under the workers' compensation laws of Texas within the meaning of section 1445(c). Article 8307c enables injured workers to exercise their rights under that scheme. *Carnation Co.,* 588 S.W.2d at 819. The Texas Legislature enacted article 8307c to safeguard its workers' compensation scheme. *See Fernandez v. Reynolds Metals Co.,* 384 F.Supp. 1281, 1283 (S.D.Tex.1974). Were workers to refrain from filing claims for benefits or otherwise to refuse to participate in compensation proceedings for fear of retaliation, the legislature's elaborate workers' compensation scheme would be adversely affected. *See Thomas v. Kroger Co.,* 583 F.Supp. 1031, 1037 (S.D.W.Va.1984). In short, were it not for the workers' compensation laws, article 8307c would not exist, as its incorporation in Title 130 of the revised civil statutes of Texas covering workers' compensation suggests. Consequently, we reject as too narrow the view of the scope of section 1445(c) presented in both *Chatman* and *Richardson,* and hold instead that, for the purposes of section 1445(c), Jones' civil action under article 8307c arises under the workers' compensation laws of Texas. Our holding requires that this case be remanded to state court.

## III

## CONCLUSION

The district court erred in concluding that the Texas election-of-remedies doctrine barred Jones from bringing a claim for retaliatory discharge pursuant to article 8307c. Neither does federal law preempt Jones' article 8307c state law claim. Because Jones' article 8307c claim arises under the workers' compensation laws of Texas, this case must be remanded to state court. Such a resolution is necessary in order to satisfy Congress' dictate that, to the extent possible, workers' compensation cases remain in state court. Consequently,

---

**4.** The issue before the courts in *Gaedcke* and in *Artco–Bell* was whether an employer's liability insurance policy covering workers' compensa- tion benefits also covered liability for retali- atory discharge.

the judgment of the district court is RE-VERSED and the case REMANDED with directions to vacate the judgment and remand the case to state court.