Juan HERNANDEZ, Plaintiff,

v.

**CENTRAL POWER AND LIGHT, Defendant.**

Civ. A. No. L–94–111.

United States District Court, S.D. Texas, Laredo Division.

Aug. 31, 1994.

Craig White, San Antonio, TX, for plaintiff.

Richard C. Danysh, Matthews & Branscomb, San Antonio, TX, for defendant.

### MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending are Plaintiff's motions to remand, to file a second amended complaint, and to dismiss one claim. Defendant opposes remand and apparently any other motion that would support a remand.

Defendant removed this case from state court on June 23, 1994. The case had originally been filed by the Plaintiff on February 1, 1993, almost 17 months prior to the removal. During that time there had been considerable activity in state court, according to the Register of Actions. This included extensive discovery, filing of a motion for summary judgment with responses and the setting of a final pretrial conference for October 13 and jury trial for October 17, 1994. Plaintiff's original petition complained of job termination or discrimination against him in retaliation for his filing of a workers' compensation claim. The cause of action was alleged under article 8307c of the Texas Workers' Compensation Act. On May 24, 1994, Plaintiff served Defendant with a first amended original petition. This pleading added a claim that Plaintiff was terminated from employment because he refused to commit an illegal act, namely he refused to file a claim for long-term disability benefits when he was ready, willing and able to perform light duties. Shortly thereafter Defendant removed, asserting that the new claim was related to a disability insurance benefit plan maintained by it and therefore the case was preempted under ERISA. Plaintiff's remand motion originally challenged the applicability of ERISA. Now, however, Plaintiff proposes to delete the newly added claim, restoring the case to its original posture *i.e.*, a claim of retaliation under the Texas Workers' Compensation Act. Defendant opposes the amendment, presumably because it opposes remand. Its position basically is that the court should deny remand because Plaintiff is attempting "to manipulate the forum."

The Court recognizes that the existence of its removal jurisdiction must be determined at the time of removal and that any subsequent dismissal of claims, whether voluntary or involuntary, does not strip the Court of jurisdiction. The Court further recognizes, however, that once the federal claims are removed from the case, it has discretion to remand to state court. *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). A plaintiff's attempt to manipulate the forum is a factor to consider in the exercise of discretion but it is not determinative. Instead, "the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id.* at 357, 108 S.Ct. at 622.

Defendant relies upon several cases affirming a district court's decision not to remand. In those appeals, the issue was not the appropriateness *vel non* of remand but whether the trial court abused its discretion. Discretion necessarily means that a court has freedom, within broad limits, to decide a matter either way, and recognizes that the facts of each case are different. For example in *Brown v. Southwestern Bell Telephone Co.,* 901 F.2d 1250 (5th Cir.1990), the trial court "had presided over a year of discovery and was intimately familiar with the facts; a remand thus would have resulted in a waste of scarce judicial resources." *Id.* at 1255. Here, on the contrary, it is the state court that has presided over a year of discovery while the case has been on the federal docket only for two months. During that time, nothing has occurred other than an argument over the remand issue.

In *Unida v. Levi Strauss & Co.,* 986 F.2d 970 (5th Cir.1993), the plaintiffs sought to have their federal claims dismissed more than a year and a half after the case was removed and, even then, without prejudice. Moreover even without the federal claims, the district court still had diversity jurisdiction over the article 8307c claim. In the instant case, Plaintiff has offered to dismiss his newly added claim two months after removal. While he does not specify dismissal with or without prejudice, a dismissal with prejudice would foreclose any resurrection of the claim, thus mitigating the element of forum manipulation. There is no diversity jurisdiction to support the article 8307c claim.

It should further be noted that whatever forum manipulation is involved here is minimal. This is not a case originally filed in federal court by the Plaintiff. Nor is it a case where plaintiff filed an overt federal claim in state court. Instead Plaintiff added a claim that was couched in state law terms but which was removed to federal court on the proposition that, regardless of the wording of the pleadings, the claim was preempted as a matter of law under ERISA. Assuming that such preemption exists, it is at least a close call. Under these circumstances, the record indicates that Plaintiff has never wanted to be in federal court and has never expressly attempted to assert a federal claim. The fact that Plaintiff is willing to sacrifice the new claim to get back to state court cannot so easily be labeled "forum manipulation" under these circumstances. It should also be noted that if the new claim is dismissed, the remaining claim is one arising out of the Texas Workers' Compensation Act. By enacting 28 U.S.C. § 1445(c), Congress has expressed a strong policy that cases arising under the workers' compensation laws should not be removed to federal court. *Jones v. Roadway Express, Inc.,* 931 F.2d 1086, 1091 (5th Cir.1991).

For the foregoing reasons, the Court GRANTS Plaintiff's motion for leave to file a second amended complaint. The Court further GRANTS Plaintiff's motion for partial dismissal and will simultaneously enter an order dismissing one of Plaintiff's case with prejudice. The Court, in the exercise of its judicial discretion after balancing all factors discussed above, also GRANTS Plaintiff's motion to remand the case to state court for trial of Plaintiff's claim under article 8307c of the Texas Workers' Compensation Act.

### ORDER OF DISMISSAL

For reasons stated in a Memorandum of even date, it is ORDERED that Plaintiff's claim for damages resulting from job termi-

nation based on an alleged refusal to commit an illegal act, *see Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985), is DISMISSED with prejudice.

## ORDER OF REMAND

For reasons stated in a Memorandum of even date, there being no federal claims pending at this time, the Court exercises its discretion under *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) and REMANDS this case to the 111th Judicial District Court of Webb County, Texas. A certified copy of this order shall be mailed to the Clerk of the state court.