DeMOSS, Circuit Judge,
dissenting:
I concur with the conclusion reached in Part 2(a) of the majority opinion, which rejects Travelers’ contention that the Patins waived their right to insist on remand to state court. However, I am unable to concur with the conclusion reached by the majority in Part 2(b), that claims for breach of the duty of good faith and fair dealing do not “arise under” the state workers’ compensation statutes, and thus do not come within the ambit of the nonremovability provision of § 1445(c).
I start with the text of 28 U.S.C. § 1445(c) which reads:
(c) A civil action in any State court arising under the workmen’s compensation laws of such State may not be removed to any district court of the United States,
(emphasis added.) The critical error which I believe the majority makes is to read the underlined word “laws” as if it were “statutes”. Section 1445 subparts (a) and (b) both define actions that may not be removed by reference to specific sections in the United States Code. However, in subsection (c) the Congress used the broad generic term “laws”. The majority opinion recognizes that “the ‘arising under’ standard expressed in § 1445(c) should be interpreted broadly and in a manner consistent with our interpretation of that standard under § 1331, which governs federal question jurisdiction;” and cites as precedent Jones v. Roadway Express, Inc., 931 F.2d 1086, 1092 (5th Cir.1991). In my view, this cross-reference to § 1331 decides this case. In interpreting the language of § 1331 which gives district courts original jurisdiction “of all civil actions arising under the Constitution, laws or treaties of the United States,” the Supreme Court has clearly interpreted the word “laws” to include, not only statutory enactments, but also judicial decisions which construe and extend those statutory provisions. See Illinois v. City of Milwaukee, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972) (holding that § 1331 jurisdiction will support claims founded upon federal common law as well as those of statutory origin). Likewise, in another context, the Supreme Court has recognized that the statutory word “laws” includes court decisions for purposes of determining the “state law” to be applied by federal courts. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In § 1445(c), Congress used the phrase “arising under the workmen’s compensation laws of such State.” In my view, that includes both (1) civil actions specified by the state’s workers’ compensation statute, and (2) civil actions created by the state’s Supreme Court which substantially relate to the duties, rights and privileges established by that statute. The Supreme Court of Tex *10 as recognized such a civil action in Aranda v. Insurance Company of North America, 748 S.W.2d 210 (Tex.1988), which held:
(a) that the Texas Workers’ Compensation Act sets forth a compensation scheme that is based on a three-party agreement entered into by the employer, the employee and the compensation carrier;
(b) that the constitutionality of the Workers’ Compensation Act rests on the contractual nature of this agreement;
(c) that the injured employee is a party to the contract and therefore entitled to recover in that capacity;
(d) that the contract between the compensation carrier and the injured employee creates the same type of special relationship that arises under other insurance contracts; and
(e) that there is a duty on the workers’ compensation carrier to deal fairly and in good faith with injured employees in the processing of compensation claims.
Aranda, 748 S.W.2d at 212-13. When the Texas Supreme Court so clearly bases its recognition of the right to sue for breach of the duty of good faith and fair dealing on the rights and duties created by the Workers’ Compensation Act, then I have no trouble whatsoever in concluding that a claim by an injured employee against the compensation carrier for bad faith in dealing with his claim is one “arising under the workers’ compensation laws” of the State of Texas, and is therefore not removable. The majority’s cramped and stingy reading of the word “laws”, which insists that if you can’t find the words “good faith and fair dealing” in the text of the workers’ compensation statute then the cause of action does not arise under the “workers’ compensation laws,” is clearly inconsistent with Supreme Court cases, the Congressional policy reflected in § 1445(c) and our own precedent in Jones v. Roadway Express, 931 F.2d at 1092 (“whether a state has codified a statute as part of its workers’ compensation chapter does not determine whether a claim filed under that statute is one ‘arising under the workers’ compensation laws’ for the purpose of § 1445(c)”) (alteration in original).
Furthermore, I would point out that the Texas workers’ compensation statute was amended in 1989 to include new provisions that expressly define and limit good faith and fair dealing actions against Texas workers’ compensation carriers. These amendments came right on the heels of the Texas Supreme Court decision in Aranda and it is significant to me that, contrary to the district court’s speculation in Warner, the legislature used the workers’ compensation statute rather than statutes relating “to the obligations of insurers generally,” as the vehicle for implementing these changes. Warner, 839 F.Supp. at 439 n. 5. One statutory amendment provides that certain actions taken by the carrier in reliance on the Commission or the Benefit Review officer are not actionable for breach of the duty of good faith and fair dealing. Acts 1989, 71st Leg., 2d C.S., ch. 1, § 1041 repealed and codified, Tex. LaboR Code § 416.001. The second provision places a damage cap on good faith and fan-dealing actions against compensation carriers. Acts 1989, 71st Leg., 2d C.S., eh. 1, § 1042 repealed and codified, Tex. LaboR Code § 416.002. Because both of these sections became effective June 1, 1991, which was after Patin’s original injury, I recognize they do not control the present case. I mention them to point out the strange anomaly that will occur when the majority opinion is applied to workers’ injuries occurring after June 1, 1991. In those cases, the compensation carrier will be able to remove any claim for breach of the duty of good faith and fair dealing to federal court, because in the majority’s view that claim does not arise under the Texas workers’ compensation statute. At the same time, however, the carrier will be entitled to exemptions from liability and limitations on its damage exposure because express provisions have been inserted in the Texas workers’ compensation statute giving those protections. The majority’s treatment of sections 416.001 and 416.002 in footnote 36 accentuates the stinginess of the majority’s interpretation of the word “laws”; and in my view the majority errs in not leaving open for future decisions whether good faith and fair dealing claims based on injuries occurring after the effective date of these sections *11 “arise under” the Texas workers’ compensation statutes.
Finally, it seems to me that whether or not a compensation carrier did in fact deal fairly and in good faith with the injured employee is a determination which will be inextricably intertwined with the determination of what the injured employee was entitled to in the way of compensation benefits under the Texas Compensation Act. In Aranda, the Texas Supreme Court made this expressly clear by specifying that an injured employee who asserts that a compensation carrier has breached the duty of good faith and fair dealing by refusing to pay or delaying payment of a claim must establish:
(1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy; and (2) that the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim.
Aranda, 748 S.W.2d at 213. Clearly, the benefits to which an employee may be entitled under the Texas Compensation Act are issues of state law, as to which federal district courts have no background or expertise and have heretofore been prohibited by § 1445(e) from addressing. The majority opinion will now force federal district courts in Texas to address the intricacies of the Texas workers’ compensation statute as an integral part of resolving a claim of lack of good faith and fair dealing by the compensation carrier after removal from the state court. I think it would be better policy and more efficient judicial management to leave the disposition of the cases brought against the compensation carrier for noncomplianee with its duty of fair dealing with the state courts.
I would vacate the judgment of the district court and remand the case to the district court with instructions to remand to the state court from whence it was removed.