**Johnny MARTINETS, Plaintiff,**

v.

**CORNING CABLE SYSTEMS, L.L.C., et al., Defendants.**

**No. 4:02–CV–250–A.**

United States District Court, N.D. Texas, Fort Worth Division.

Nov. 20, 2002.

Joan M. Durkin, Hurst, for plaintiff.

M. Brett Burns; Akin Gump Strauss Hauer & Feld, Dallas, for Corning Cable Systems, L.L.C. Martha Mackey; Downs & Stanford, Dallas, for Concentra Incorporated.

## MEMORANDUM OPINION
## and ORDER

McBRYDE, District Judge.

Came on for consideration the motion of defendant Concentra, Incorporated, ("Concentra"), to dismiss for failure to state a claim upon which relief may be granted. Having reviewed the motion and the response of plaintiff, Johnny Martinets, the court concludes that the motion should be granted. In addition, the court, *sua sponte*, is severing plaintiff's workers' compensation retaliation claim against Corning Cable Systems, L.L.C. ("Corning"), and remanding the claim to the state court from which it was removed.

### I.

### Plaintiff's Claims

Plaintiff seeks recovery from Corning for alleged workers' compensation retaliation and violations of the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964, and from Concentra under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681v.[1]

Plaintiff's allegations against Concentra are that: Upon completing a report of an

---

1. The FCRA is one of seven independent subchapters in the Consumer Credit Protection Act, 15 U.S.C. §§ 1601–1693r.

on-the-job injury, plaintiff's employer, Corning, required that he report to a local clinic, operated by Concentra, for a mandatory drug screening. After removing chewing tobacco from his mouth and consuming a breath mint, plaintiff participated in a breathalyzer test and urinalysis that probed for drugs and alcohol. The breathalyzer results came back positive for alcohol due to residue in the collection tube from the chewing tobacco and the breath mint. Because of the screening results, Corning terminated plaintiff's employment. Later that day, plaintiff underwent a blood alcohol test performed by his family doctor. The result of that test was negative for alcohol.

Plaintiff claims that Concentra failed "to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff contained in the [breathalyzer test] report in violation of Section 1681e(b) of the [FCRA]," Am. Compl. ¶ 9.05, and that, as a consequence, he was wrongfully discharged by Corning. In its motion to dismiss, Concentra asserts that the tests it conducted were medical services, not credit reporting, and that, therefore, plaintiff has failed to state a claim under the FCRA because the medical test results do not constitute a "consumer report." Mot. at 2:

## II.

### Analysis

■ The standards for deciding a motion under Fed. R. Civ. P. 12(b)(6) are well-settled. A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court construes the allegations of the complaint favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994).

■ Plaintiff's pleaded cause of action against Concentra will only be viable if the breathalyzer test report falls within the FCRA's general definition of "consumer report":

> The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—
>
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
>
> (B) employment purposes; or
>
> (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1). Plaintiff argues that the test report falls within subsection (d)(1)(B) because it determined plaintiff's eligibility for employment purposes. The court disagrees.

In an analogous case, *Hodge v. Texaco, Inc.*, the Fifth Circuit applied the FCRA to an employee's claim based on a urinalysis report prepared by a laboratory that conducted such tests for his employer. 975 F.2d 1093, 1094 (5th Cir.1992). The laboratory sent the employer a report that indicated marijuana use by the employee. The employer suspended the employee, and commenced termination proceedings, based on the report. *Id.* The employee sued the laboratory under the FCRA for failing to use reasonable procedures to en-

sure the accuracy of the "consumer report," i.e., the drug test report. The Fifth Circuit first concluded that drug test reports are included in the general FCRA definition of "consumer report":

> Admittedly, the extension of FCRA to drug-screening reports case seems far from the original purposes behind the Act. However, Congress has enacted this statutory language which covers a broad range of conduct by its very terms. We cannot depart from the plain language of this statute on the basis that Congress must not have meant what it said. Accordingly, we conclude that workplace drug test reports are not categorically excluded from coverage under the FCRA.

*Id.* at 1095–96.

However, the Fifth Circuit concluded that one of the FCRA's exclusions to FCRA coverage was applicable. *Id.* at 1096. The FCRA excludes from its "consumer report" general definition "any report containing information solely as to transactions or experiences between the consumer and the person making the report." 15 U.S.C. § 1681a(d)(2)(A)(i). The Fifth Circuit explained that this exclusion "exempts from coverage any report based on the reporter's first-hand experience of the subject." *Hodge*, 975 F.2d at 1096. The *Hodge* court ultimately concluded that the laboratory's report to the employer fell within the section 1681a(d)(A) exclusion, and accordingly, that the report did not constitute a "consumer report" for purposes of the FCRA. *Id.* at 1096–97.

Plaintiff's allegations establish that, in this case, following its administration of a breathalyzer test on plaintiff, Concentra prepared a report that was based on information that it derived as part of its own analysis of the test, which purported to measure the alcohol level in plaintiff's system. The report was a direct result of a transaction and experience between plaintiff and Concentra—nothing else. Guided by *Hodge*, the court concludes that Concentra's report falls squarely within the "transactions or experiences" exclusion of 15 U.S.C. § 1681a(d)(2)(A)(I).

As the disputed results of the breathalyzer test do not constitute a "consumer report," plaintiff has failed to state a claim under the FCRA upon which relief may be granted. Thus, plaintiff's allegations establish that plaintiff cannot recover from Concentra.

## III.

### *Severance and Remand of Workers' Compensation Retaliation Claim*

■ At the time Corning removed the above-captioned action to this court, plaintiff alleged a claim against Corning under TEX. LAB. CODE ANN. § 451.001 for workers' compensation retaliation, which he has retained in his amended complaint. Pursuant to 28 U.S.C. § 1445(c), the removal of this claim was improper: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." *See, e.g., Sherrod v. Am. Airlines, Inc.,* 132 F.3d 1112, 1118 (5th Cir.1998) (stating that a claim of retaliatory termination under section 451.001 arises under Texas workers' compensation laws within the meaning of 28 U.S.C. § 1445(c)); *Jones v. Roadway Express,* 931 F.2d 1086, 1092 (5th Cir. 1991). Accordingly, the court is severing the workers' compensation retaliation claim from plaintiff's remaining claims, and remanding it to the state court from which it was removed. *See Sherrod,* 132 F.3d at 1119.

## IV.

### *ORDER*

Therefore,

The court ORDERS that Concentra's motion to dismiss be, and is hereby, granted.

The court further ORDERS that all of plaintiff's claims and causes of action against Concentra be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, the entry of final judgment as to the claims of plaintiff against Concentra.

The court further ORDERS that plaintiff's cause of action for workers' compensation retaliation pursuant to TEX. LAB. CODE ANN. § 451.001, be, and is hereby, severed and remanded to the District Court of Tarrant County, Texas, 141st Judicial District.

### FINAL JUDGMENT AS TO CERTAIN DEFENDANT AND CLAIMS

In accordance with the court's order of even date herewith,

The court ORDERS, ADJUDGES and DECREES that all claims and causes of action asserted by plaintiff, Johnny Martinets, against defendant Concentra, Incorporated, in the above-captioned action be, and are hereby, dismissed.

### FINAL JUDGMENT OF REMAND AS TO CERTAIN CLAIM

In accordance with the court's order of even date herewith,

The court ORDERS, ADJUDGES and DECREES that the cause of action of plaintiff, Johnny Martinets, for workers' compensation retaliation pursuant to TEX. LABOR CODE ANN. § 451.001 be, and is hereby, remanded to the District Court of Tarrant County, Texas, 141st Judicial District, from which it was removed. The Clerk of this court is directed to transmit a certified copy of the order and the judgment of remand signed this same day to the Clerk of the court for the District Court of Tarrant County, Texas, 141st Judicial District.