**Joe Ann SMITH, Appellant**

v.

**SIMMONS BEDDING COMPANY, Appellee.**

No. 05–07–00823–CV.

Court of Appeals of Texas, Dallas.

April 14, 2008.

John E. Wall, Dallas, for Joe Ann Smith.

Lee L. Cameron, Dallas, for Appellee.

Before Justices WRIGHT, O'NEILL, and FRANCIS.

## OPINION

Opinion by Justice WRIGHT.

Joe Ann Smith appeals from a summary judgment in her lawsuit against Simmons Bedding Company for retaliatory discharge. In three issues, Smith contends generally the trial court erred in granting summary judgment because her claims are not preempted by federal law and genuine issues of material fact exist as to whether Simmons terminated her for filing a worker's compensation claim. We sustain Smith's first issue, reverse the trial court's judgment, and remand this case to the trial court.

Smith worked for Simmons as a seamstress from October 11, 1976 until her termination on May 19, 2003. During her employment, Simmons's employees were covered under a collective bargaining agreement. She was injured on the job on August 21, 2000. Over one year later, Smith had surgery for the injury she received. Following her surgery, she was placed on an approved leave of absence.

In the fall of 2002, Smith contends her doctor released her to return to work without restrictions. Because Simmons had conflicting information concerning Smith's work release, she was not allowed to return to work at that time. Smith filed a grievance under the collective bargaining agreement. A few months later, Smith took another job while still on an approved leave of absence from Simmons. When Simmons learned of this fact, it terminated Smith for taking other employment which is prohibited under the collective bargaining agreement.

Smith subsequently filed a lawsuit asserting a single cause of action for retaliatory discharge in violation of the labor code. Simmons moved for summary judgment on the ground that Smith's claim is preempted by federal law. The trial court granted Simmons's motion for summary judgment. This appeal timely followed.

■ Smith alleged that Simmons, in violation of the labor code, terminated her employment for filing a worker's compensation claim. Section 451.001 of the labor code provides:

A person may not discharge or in any other manner discriminate against an employee because the employee has: (1)

filed a workers' compensation claim in good faith; (2) hired a lawyer to represent the employee in a claim; (3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; or (4) testified or is about to testify in a proceeding under Subtitle A. TEX. LAB.CODE ANN. § 451.001 (Vernon 2006). A plaintiff does not have to prove that the filing of a worker's compensation claim was the *sole* cause of his dismissal. *Trevino v. Corrections Corp. of Am.,* 850 S.W.2d 806, 808 (Tex.App.–El Paso 1993, pet. denied).

■ The trial court granted summary judgment on the ground that section 301 of the Labor Management Relations Act (LMRA) preempted Smith's claim. Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). The Supreme Court has held that state causes of action involving labor disputes are not preempted by the LMRA when such suits do not involve interpreting collective bargaining agreements. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 413, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). Although a defendant may defend against a retaliatory discharge claim by asserting that its actions were justified by the collective bargaining agreement, such reliance does not transform a plaintiff's claim into one that requires an interpretation of the collective bargaining agreement. *Anderson v. American Airlines, Inc.,* 2 F.3d 590, 596 (5th Cir.1993).

■ This case is factually similar to *Jones v. Roadway Exp., Inc.,* 931 F.2d 1086 (5th Cir.1991). Jones was employed as a truckdriver for Roadway under the terms of a collective bargaining agreement. Jones suffered a work related injury. He did return to work but sustained a second injury and missed several weeks of work. Roadway informed Jones, in writing, that he would be terminated if he failed to work the assignments on which he had bid. *Id.* at 1087. Jones subsequently called in and said he could not work an assignment on which he had bid. As a result, Roadway terminated his employment. After a grievance committee denied his claim under the collective bargaining agreement, Jones filed a worker's compensation claim. He also filed a lawsuit in state court alleging a claim for retaliatory discharge. *Id.* Roadway had the case removed to federal court on the basis that section 301 of the LMRA preempted Jones's claims. The district court granted summary judgment in favor of Roadway.

On appeal, the fifth circuit court of appeals reversed and remanded the case to state court. The court reasoned that "Roadway may have had other reasons [for termination], even reasons which the [collective bargaining agreement] justified." The court held, however, that if retaliation was a factor, then for purposes of Jones's retaliatory discharge claim, an interpretation of the collective bargaining agreement is not inextricably intertwined with the state law claim. *Id.* at 1090.

Simmons relies upon another fifth circuit case to support its position that Smith's claim is preempted. *See Medrano v. Excel Corp.,* 985 F.2d 230 (5th Cir.1993). In that case, the court held that the employee's retaliatory discharge claim was preempted because the employee consistently argued that the provision of the collective bargaining agreement itself constituted discrimination in violation of the labor code. *Id.* at 233. In a similar case, the court applied preemption to the employee's retaliatory discharge claim where the employee consistently maintained that the basis for his claim was the interpretation of a particular provision in the collective bargaining agreement. *See Thomas v. LTV Corp.,* 39 F.3d 611, 621 (5th Cir. 1994). Unlike the employees in *Medrano*

and *Thomas*, Smith does not tie her claim to any provision or any interpretation of any provision in the collective bargaining agreement.

As part of its summary judgment evidence, Simmons attached Smith's responses to its request for admissions. Specifically, Simmons relied upon the following three admissions:

Request for Admission No. 15:

Admit that in this case you will seek to introduce evidence that Simmons refused to allow you to return to work in the fall of 2002 even though you purportedly were cleared to work without restrictions, and that through the grievance process filed under the Collective Bargaining Agreement additional physicians had cleared you to work without restrictions.

Response: Admitted.

Request for Admission No. 16:

Admit that in this case you contend that loss of seniority under the Collective Bargaining Agreement does not mean termination of employment.

Response: Admitted. The document is unambiguous.

\* \* \*

Request for Admission No. 18:

Admit that in this case you contend that termination of seniority under section 7.02 of the Collective Bargaining Agreement is not equivalent to just cause for termination under section 2.01 of the Collective Bargaining Agreement.

Response: Admitted.

Simmons contends that these three admissions demonstrate that Smith's claim involves interpretation of the collective bar-

gaining agreement and, therefore, is preempted by the LMRA. We disagree. Only two of the admissions involve interpretation of the collective bargaining agreement. The "termination of seniority" provision relates only to Simmons's defense that its reason for Smith's termination was justified. It is possible for Smith to establish her claim that retaliatory discharge was *a* reason for her termination without regard to whether there existed other reasons justified under the collective bargaining agreement for her termination.

Therefore, we conclude the trial court erred in granting summary judgment on the ground that Smith's claim is preempted by federal law. We sustain Smith's first issue, reverse the trial court's judgment and remand this case to the trial court.[1]

---

1.   In light of this Court's disposition of Smith's first issue, we do not address her remaining two issues.