**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 13, 2003**

**Charles R. Fulbruge III**
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Summary Calendar
No. 02-11139

_____

CHARLES E. KERN,

Plaintiff-Appellant,

versus

THE DANNON CO., INC.; CHARLES KUJAWA; BRUCE HORKLEY;
PATTY HOLDER; DWAYNE TINCHER; JAMES BAKER; DON FALLAVOLLITA;
DARLENE REFORE; STEVE DALTON; BILL WRIGHT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
Docket No. 4:01-CV-213-Y

_____

Before DAVIS, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Charles E. Kern ("Kern") appeals the district court's grant of summary judgment to his employer, the Dannon Company ("Dannon"), and several of its supervisory employees on a variety

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of state labor law claims.  For the reasons that follow, we affirm the district court's judgment.

**FACTS**

In January 1998, Kern began working as a seasonal employee for Dannon.  At the time, all of Dannon's hourly full-time, part-time, and seasonal employees were represented by a union.  Dannon and the union were parties to a collective-bargaining agreement ("CBA") that defined the rights and responsibilities of Dannon, the union, and Dannon's employees.

Kern alleges that shortly thereafter, once Dannon discovered that he was 50 years old, his supervisors subjected him to a wide range of discriminatory treatment with the goal of prompting his resignation.  After filing Charges of Discrimination with the Texas Commission on Human Rights ("TCHR") and the Equal Employment Opportunity Commission ("EEOC") for age discrimination in violation of the Texas Commission on Human Rights Act ("TCHRA") and retaliation for filing a Charge of Discrimination, and upon receiving Notices of Right to Sue, Kern filed suit in February 2001 in state court.  He alleged the following state-law causes of action: (1) age discrimination in violation of the TCHRA, Tex. Lab. Code Ann. § 21.001 (Vernon 1996); (2) retaliation in violation of TCHRA, Tex. Lab. Code Ann. § 21.055 (Vernon 1996); (3) negligent supervision of employees; (4) negligent retention of employees; (5) negligent investigation of claims of plaintiff; and (6) intentional

2

infliction of emotional distress ("IIED"). His pleadings raised no federal question.

Dannon removed the case to the federal court, arguing that the district court had subject-matter jurisdiction to hear the case because Kern's state-law claims were preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.* Kern moved to remand the case to state court, but the district court denied his motion.

On August 27, 2002 the district court granted Dannon's Motion for Summary Judgment. After finding that there was in fact a valid CBA — a predicate requirement for preemption under § 301 — in place at the time of all alleged tortious events, the district court held that Kern's first, second, and sixth causes of action — age discrimination, retaliation, and IIED — were preempted by § 301. It also held that, though the remaining three claims were not themselves preempted by § 301, the state-law torts of negligent retention, hiring, and supervision were "only viable if the employer's employee commits an underlying actionable tort." Because no underlying tort remained after the court's judgment on actions one, two, and six, the court proceeded to grant summary judgment to Dannon on these negligence claims as well. The district court additionally found that Kern had failed to plead any cause of action under § 301.

Kern now appeals the district court's grant of summary judgment.

**STANDARD OF REVIEW**

This court reviews district court grants of summary judgment *de novo*. Thomas v. Barton Lodge 11, Ltd., 174 F.3d 636, 644 (5th Cir. 1999).

**DISCUSSION**

The district court's Order is clear and persuasive, we affirm for essentially the reasons there stated.

Another point should be made concerning Kern's basic misunderstanding of the reach of the well-pleaded-complaint rule in the context of labor law claims, especially those that occur in the shadow of a CBA.

As Kern no doubt recognizes, ascertaining the scope of a CBA's preemption of state labor-law claims is not always easy. While the Supreme Court has repeatedly said that a CBA does not necessarily completely preempt state-law actions, these same opinions suggest that the preemption is well nigh unto complete. See Livadas v. Bradshaw, 512 U.S. 107 (1994); Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399 (1988); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985). As a result, a determination of preemption necessarily entails a careful examination of the relationship between the elements of the state-law claim and the

4

CBA at issue. Jones v. Roadway Express, Inc., 931 F.2d 1086, 1089 (5th Cir. 1991). The district court adequately described this tension *and* the method by which federal courts should determine whether the particular state-law actions asserted by Kern have been preempted by a CBA.

Kern, however, repeatedly expresses puzzlement that he has ended up in federal court, even though his original pleadings scrupulously avoided reference to federal questions. His complaint is premised upon two axioms of our law, namely, that a plaintiff is master of his complaint, Caterpillar, Inc. v. Williams, 482 U.S. 386, 398–399 (1987), and, second, that federal courts are courts of limited jurisdiction, Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377. These two come together in the "well pleaded complaint rule," a Supreme Court interpretation of 28 U.S.C. § 1331 that holds that a non-diverse defendant cannot remove a case to federal court if the plaintiff declined to plead an issue of federal law on the face of his complaint. Gully v. First National Bank, 299 U.S. 109 (1936). Kern believes he pled state law claims and should enjoy the benefit of a state-law forum.

Unfortunately for Kern, the Supreme Court has consistently held, since 1957, that with § 301 Congress federalized all of state labor law. Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 456–57 (1957); see also Avco Corp. v. Aero Lodge No. 375, 390 U.S. 557, 559–360 (1968). As

the Court said in <u>Lincoln Mills</u>: "Any state law . . . will be absorbed as federal law and will not be an independent source of private rights." 353 U.S. at 457. Even if the CBA turns out not to preempt a plaintiff's properly pleaded state-law claim, the federal court itself still has jurisdiction over the case. Plead it how he will, a plaintiff simply cannot avoid removal of a labor-law claim — even one premised on state law — to federal court.

Kern might find some solace, all of this notwithstanding, in the fact that one of the Supreme Court's brighter minds thought this interpretation of § 301 misguided. This court would refer Kern to Mr. Justice Frankfurter's dissent in <u>Lincoln Mills</u>, 353 U.S. at 460, a position which, for all its wisdom, has not found favor with the majority of his brethren. Until such time, however, as the Supreme Court follows Frankfurter's logic, or Congress leaves the field of labor law to the States, plaintiffs like Kern cannot avoid their cases — in spite of their careful pleading — from being removed to federal court.

Judgment **AFFIRMED.**